UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 17-20059
        Honorable Linda V. Parker

CALVIN LAVELLE BOYD,

        Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Calvin Lavelle Boyd currently is charged in this case with felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On March 10, 2017, Defendant filed a motion to suppress, which this Court denied in an opinion and order entered May 5, 2017. (ECF No. 19.) Presently before the Court is Defendant's motion for reconsideration, filed August 21, 2017. (ECF No. 23.) The government filed a response to the motion on August 22, 2017. (ECF No. 25.)

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review when deciding a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a

palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).[1] Palpable defects are those that are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

In his motion for reconsideration, Defendant argues that the Court erred in not conducting an evidentiary hearing to decide his motion to suppress and in denying his motion. According to Defendant, the Court erred in concluding that he did not contest the facts justifying probable cause to stop and search his vehicle. Defendant claims that he contested the officers' assertions that he repeatedly turned to look in the back seat and reached into the back seat during the stop and

---

[1] According to Rule 7.1, motions for reconsideration must be filed within fourteen days of the order or judgment for which reconsideration is sought. E.D. Mich. LR 7.1(h)(1). While Defendant filed his motion well beyond this time limit, the Court granted him the opportunity to file his motion on or before August 21, 2017, at a hearing on August 2, 2017.

2

that he appeared nervous. Defendant additionally argues that no marijuana was found during the search and he questions the officers' ability to see inside the vehicle in light of the fact that they claimed the windows were darkly tinted.

As stated in the Court's May 5, 2017 decision, the Sixth Circuit has held that " 'a defendant must make at least some showing of contested facts to be entitled to [an evidentiary hearing].' " *United States v. Lawson*, 476 F. App'x 644, 648 (6th Cir. 2012) (quoting *United States v. Giacalone*, 853 F.2d 470, 483 (6th Cir. 1988)). Defendant has never contested the officer's two asserted basis for initially stopping his vehicle: illegal tinted windows in violation of Michigan Compiled Laws Section 257.709 and a defective brake light in violation of Michigan Compiled Laws Section 257.697. In his motion to suppress, Defendant also never challenged the officers' asserted reasons for ordering him out of the car and conducting a pat-down search and then a dog sniff—that being the time of the stop (1:00 a.m.), Defendant's apparent nervousness, and the officers' observations of Defendant repeatedly reaching and looking into the back seat during the initial stop.

A motion for reconsideration is not a vehicle for raising arguments not raised before. In any event, Defendant does not set forth factual allegations contradicting the officers' observations. Instead, he makes only conclusory statements. While Defendant now challenges the officers' ability to see him making the asserted furtive movements due to the tinted windows, the officers

3

made their observations after the vehicle was stopped, once the driver's window was lowered, and as they were standing near the car.[2] The fact that no marijuana was seized from the vehicle suggests nothing about the legality or illegality of the stop and search, particularly when it is uncontested that a digital scale with suspected marijuana residue was found in the seat pouch behind the driver's seat.

For these reasons, Defendant fails to demonstrate a palpable defect in this Court's May 5, 2017 decision.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration (ECF No. 25) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 31, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager

---

[2] The evidence before the Court only establishes that the driver's window of the vehicle was tinted. Further, Defendant offers no facts to undermine the officers' claimed ability to observe his movements.